IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ETHAN JOHN SUMTER,<br>    Plaintiff,<br><br>v.<br><br>JEREMY M. VANDEGRAFT,<br>    Defendant. | Case No. 1:25-cv-01204-JEH |

**Merit Review Order**

    Plaintiff, proceeding *pro se* and detained at the McLean County Detention Facility, filed a Complaint seeking damages based on a personal injury claim. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

    Plaintiff alleges he was hit by a vehicle while crossing the road in a crosswalk at the intersection of G.E. Road and Airport Road on May 27, 2023. Plaintiff alleges he was severely injured; his jaw broke in several places and his

windpipe was crushed. Plaintiff alleges he was rushed to the hospital and diagnosed with a traumatic brain injury. Additionally, two plates were placed in his jaw, and his windpipe was reconstructed.

Plaintiff states he is filing a Complaint "against John Doe for compensatory damages and for [his] medical bills." (Doc. 1 at p. 2). However, Plaintiff lists Jeremy M. Vandegraft as the sole Defendant. *Id.* at p. 3. Plaintiff did not mention Mr. Vandegraft in the body of his Complaint or specify whether Mr. Vandegraft is a citizen of Illinois, an officer, or an employee of a governmental entity, as Plaintiff did not include his job title or work address in his Complaint. *Id.*

It appears that the Court lacks subject matter jurisdiction over Plaintiff's claim, as Plaintiff alleges a personal injury claim under Illinois law. *See* 735 ILCS 5/13-202; 28 U.S.C. § 1331. "Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (citation and internal quotation omitted). However, this Court may have diversity jurisdiction over the case if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Based on Plaintiff's vague Complaint, it is unclear if the parties are citizens of different states and if the amount in controversy exceeds $75,000. Therefore, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. The Court will allow Plaintiff one opportunity to file an Amended Complaint within 30 days.

II

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 3). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

Plaintiff contacted Williams & Swee and Prairie Law to seek representation. Williams & Swee declined to accept his case. (Doc. 3 at p. 3). Plaintiff does not indicate whether Prairie Law responded to his request. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion to Request Counsel is denied. If Plaintiff renews his Motion, he is directed to attach additional copies of letters he sent to or received from prospective counsel, list any additional attorneys or law firms he contacted, and indicate whether he received any responses.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE based on the lack of subject matter jurisdiction. 28 U.S.C. § 1331. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Failure to file a timely Amended Complaint will result in the dismissal of this case without prejudice for failure to state a claim. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2) Plaintiff's Motion to Request Counsel [3] is DENIED.**

*It is so ordered.*

Entered: July 21, 2025

s/Jonathan E. Hawley
U.S. District Judge