IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ETHAN JOHN SUMTER,
    Plaintiff,

v.

JEREMY M. VANDEGRAFT,
    Defendant.

Case No. 1:25-cv-01204-JEH

**Merit Review Order**

On May 27, 2025, Plaintiff, proceeding *pro se* and detained at the McLean County Detention Facility, filed a Complaint seeking damages based on a personal injury claim. (Doc. 1). On July 21, 2025, the Court entered a Merit Review Order and dismissed Plaintiff's Complaint without prejudice based on a lack of subject matter jurisdiction under 28 U.S.C. § 1331. (Doc. 7). The Court gave Plaintiff 30 days to file an Amended Complaint. On August 18, 2025, Plaintiff filed an Amended Complaint and a Motion to Request Counsel. (Docs. 9, 10).

**I**

This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough

1

facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II

Plaintiff alleges he was hit by a vehicle while crossing the road in a crosswalk at the intersection of General Electric Road and Airport Road in Bloomington, Illinois on May 27, 2023. Plaintiff alleges he was severely injured; his jaw broke in several places and his windpipe was crushed. Plaintiff alleges he was rushed to the hospital and diagnosed with a traumatic brain injury. Additionally, two plates were placed in his jaw, and his windpipe was reconstructed.

Plaintiff states he is not sure if Defendant Jeremy Vandegraft was the driver of the vehicle, but Plaintiff states Defendant was identified in the Illinois Traffic Crash Report. Plaintiff states Defendant resides in Colfax, Illinois. Plaintiff seeks compensatory damages for his medical bills and injuries.

## III

This Court lacks subject matter jurisdiction over this case, as Plaintiff alleges a personal injury claim under Illinois law. *See* 735 ILCS 5/13-202; 28 U.S.C. § 1331. "Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (citation and internal quotation omitted). A federal court may exercise diversity jurisdiction over a case if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, Plaintiff alleges Defendant Vandegraft resides in Colfax, Illinois. This Court also lacks diversity jurisdiction.

This case is DISMISSED WITHOUT PREJUDICE based on a lack of subject matter jurisdiction. Any further amendment would be futile. The dismissal is without prejudice to allow Plaintiff the ability to refile his claims in state court. *See* 735 ILCS 5/13-217; *see also Caballero v. Lawrence Corr. Ctr.*, No. 3:23-CV-02906-GCS,

2025 WL 1473832, at *8 (S.D. Ill. May 22, 2025) (explaining plaintiff could refile claims in Illinois state court that had been dismissed in federal court for lack of jurisdiction within one year) (citing *Sharp Elecs. Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009)).

**IT IS THEREFORE ORDERED:**

    **1)** **Pursuant to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this Court lacks subject matter jurisdiction over Plaintiff's claims.** *See* **28 U.S.C. § 1331. Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE. Any further amendment would be futile. This case is therefore closed. The Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

    **2)** **Plaintiff's Motion to Request Counsel [9] is DENIED.**

    **3)** **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

    **4)** **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal** *in forma pauperis* **MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: October 16, 2025

s/Jonathan E. Hawley
U.S. District Judge